IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,263-01, -02






EX PARTE WILLIAM LEE CAIN, IV, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 6882 & 6883 IN THE 21ST DISTRICT COURT


FROM LEE COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and burglary of a habitation and sentenced to sixteen years' imprisonment in each case. 
Applicant's sentences are running concurrently. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary (1) because he was mentally ill, heavily
medicated and incompetent at the time he entered his plea; (2) because his attorney was not prepared;
and (3) because he was frightened into pleading guilty because of a death threat from an officer in
the jail where he was confined. In addition, Applicant contends that trial counsel rendered
ineffective assistance because (a) counsel failed to investigate and prepare a defense, (b) failed to
interview witnesses who would have testified that Applicant acted in self-defense, (c) failed to
request an investigator to ascertain any bias on the part of the State's witnesses, (d) failed to
adequately communicate with Applicant, (e) failed to request a competency hearing, (f) failed to
investigate a threat which induced Applicant to plead guilty, and (g) improperly advised Applicant
that he was eligible for mandatory supervision release. Applicant has alleged facts that, if true, might
entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d
791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the
appropriate forum for findings of fact. The trial court shall order Applicant's trial counsel to file an
affidavit responding to Applicant's claims. In addition, the trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make findings of fact and conclusions
of law as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 10, 2010

Do not publish